# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LATORRA MOULTRIE,

      Plaintiff,

v.

MONTEREY FINANCIAL SERVICES, LLC,

      Defendant.

_____/

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**
Case No.: 19cv1600
Request for Jury Trial

Plaintiff, LATORRA MOULTRIE ("Plaintiff") brings this action complaint by and through her attorney, Subhan Tariq, Esq., against the Defendant, MONTEREY FINANCIAL SERVICES, LLC, ("Defendant") based upon information and belief of Plaintiff's counsel. Plaintiff respectfully sets forth, complains and alleges, the following:

## INTRODUCTION/ PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." § 1692(e).

3.     After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. § 1692k. Plaintiffs that make successful FDCPA claims against debt collector defendants are entitled to actual damages, statutory damages up to $1000.00, and attorney's fees. *Id.*

4.     This action arises as a result of a debt collection letter dated January 21, 2019 sent to Plaintiff from Defendant. *See* **Exhibit A**.

5.     The communications sent to Plaintiff contains several prominent violations of the FDCPA.

## PARTIES

6.     Plaintiff LATORRA MOULTRIE is a natural person and a resident of the State of New York and is a "Consumer" as defined by the FDCPA. 15 U.S.C. § 1692 a(3). A consumer under the act is defined as "any natural person obligated or allegedly obligated to pay a debt." *Id.*

7.     Defendant, MONTEREY FINANCIAL SERVICES, LLC is a company engaged in the business of collecting debts with a principal place of business in Oceanside, CA. Defendant is also a "debt collector" as defined by the FDCPA. A debt collector is defined as an entity whose existence "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." § 1692a(6).

## JURISDICTION AND VENUE

8.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9.     This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C.

§ 1681 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the

State law claims in this action pursuant to 28 U.S.C. § 1367(a).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

12.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure

("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-

interest, who have received similar communications from Defendant which, as alleged herein, are

in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from

the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or

affiliated with the Defendant, including, without limitation, persons who are officers, directors,

employees, associates or partners of Defendant. Upon information and belief, hundreds of persons

have received similar communications from the Defendant which violate provisions of the

FDCPA.

13.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

14.     The Class is so numerous that joinder of all members is impracticable. Upon information

and belief, hundreds of persons have received communications from the Defendant, which violates

various provisions of the FDCPA.

15.     There are questions of law and fact which are common to the Class and which predominate

over questions affecting any individual Class member. These common questions of law and fact

include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii)

Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff

and the Class have sustained damages and are entitled to restitution as a result of the Defendant's

wrongdoing and, if so, what the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16.     Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

18.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

19.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

20.     Plaintiff will fairly and adequately represent the Class members interest, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

21.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

22.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

23.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

24.     Plaintiff received a debt collection letter ("the Letter") dated January 21, 2019. *See* **Exhibit A**. The Letter was sent as a single page folded in half with detachable tabs. The front side of the Letter came with the notice: "**IMPORTANT TAX INFORMATION ENCLOSED**." The back side of the Letter contained the contents of the Letter itself.

25.     The Letter informed Plaintiff that Defendant was attempting to collect on a ZALES/GORDON JEWELERS account.

26.     The Letter did not state the total balance that Defendant was attempting to collect on.

27.     The Letter also did not state if interest was accruing.

28.     When addressing this exact issue, the Second Circuit stated "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v. Riexinger & Assocs., LLC* 817 F.3d 72. 74 (2d Cir 2016).

29.     The January 21, 2019 letter fails to include this safe harbor language set out by the Second Circuit.

30.     Defendant was required to include a disclosure that interest was accruing.

31.     The Letter deceptively stated that Defendant "is ready and willing to reduce the account balance up to **60%** if the balance is paid in full by **March 15, 2019.**" And the Letter also offered Plaintiff a "SECOND CHANCE" option that consisted of a reduction of Plaintiff's account by "up to **30%** if this account is paid in full by **April 30, 2019.**" It is not clear what the phrase "up to" means in either offer.

32.     However, in 2018, Plaintiff had attempted to settle her account with Defendant, but Defendant refused to do so.

33.     During her attempts to settle her account in 2018, Plaintiff was informed by Defendant that interest was accruing on Plaintiff's account at a rate of a dollar and change per day.

34.     Plaintiff was also informed by Defendant, in 2018, that her total balance was approximately three thousand dollars.

35.     However, Plaintiff was informed by Defendant, in 2019, that her total balance was now approximately seven thousand dollars.

36.     Defendant has also ignored Plaintiff's requests to obtain documentation regarding her account.

37.     Notably, Defendant been sued in the past for similar violations of the FDCPA. *See* **Exhibit B**. However, this has not served as a detriment for Defendant to continue violating the FDCPA in a similar fashion.

38.     These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## FIRST COUNT

### 15 U.S.C. §1692e
### False and Deceptive Representation

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

40.     15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

41.     Defendant is in violation of 15 U.S.C. §1692e – preface by displaying "**IMPORTANT TAX INFORMATION ENCLOSED**" on the front side of its debt collection letter dated, January 21, 2019, by not informing Plaintiff if interest was accruing on Plaintiff's account via its debt collection letter, dated January 21, 2019, by refusing to settle Plaintiff's account in 2018, by informing Plaintiff, in 2018, that interest was accruing at rate of a dollar and change per day, by informing Plaintiff that her total balance was approximately three thousand dollars in 2018 and approximately seven thousand dollars in 2019, and by ignoring Plaintiff's requests for documentation regarding her account.

42.     15 U.S.C. § 1692e(2) prohibits a debt collector from communicating false or misleading representations regarding the character, amount, or legal status of an alleged debt to a consumer.

43.     Defendant is in violation of 15 U.S.C. § 1692e(2) by not informing Plaintiff if interest was accruing on Plaintiff's account via its debt collection letter, dated January 21, 2019, by informing Plaintiff, in 2018, that interest was accruing at rate of a dollar and change per day, by informing Plaintiff that her total balance was approximately three thousand dollars in 2018 and approximately seven thousand dollars in 2019, and by not stating the amount of the alleged debt to Plaintiff in its debt collection letter, dated January 21, 2019.

44.     15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

45.     Defendant is in violation of 15 U.S.C. §1692e(8) by displaying "**IMPORTANT TAX INFORMATION ENCLOSED**" on the front side of its debt collection letter dated, January 21, 2019, by informing Plaintiff, in 2018, that interest was accruing at rate of a dollar and change per day, and by informing Plaintiff that her total balance was approximately three thousand dollars in 2018 and approximately seven thousand dollars in 2019.

46.     15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

47.     Defendant is in violation of 15 U.S.C. §1692e(10) by displaying "**IMPORTANT TAX INFORMATION ENCLOSED**" on the front side of its debt collection letter dated, January 21, 2019, by not informing Plaintiff if interest was accruing on Plaintiff's account via its debt collection letter, dated January 21, 2019, by refusing to settle Plaintiff's account in 2018, by informing Plaintiff, in 2018, that interest was accruing at rate of a dollar and change per day, by informing Plaintiff that her total balance was approximately three thousand dollars in 2018 and approximately seven thousand dollars in 2019, and by ignoring Plaintiff's requests for documentation regarding her account.

48.     As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT

### 15 U.S.C. §1692f
### Unfair and Unconscionable Actions

49.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

50.     15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

51.     Defendant is in violation of 15 U.S.C. § 1692f – preface by displaying "**IMPORTANT TAX INFORMATION ENCLOSED**" on the front side of its debt collection letter dated, January 21, 2019, by not informing Plaintiff if interest was accruing on Plaintiff's account via its debt collection letter, dated January 21, 2019, by refusing to settle Plaintiff's account in 2018, by informing Plaintiff, in 2018, that interest was accruing at rate of a dollar and change per day, by informing Plaintiff that her total balance was approximately three thousand dollars in 2018 and approximately seven thousand dollars in 2019, and by ignoring Plaintiff's requests for documentation regarding her account.

52.     As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT

### 15 U.S.C. § 1692g(a)(1)
### Failure to State Amount of Debt

53.     Plaintiff repeats, reiterates and incorporates the allegations contained in all previous paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

54.     15 U.S.C. § 1692g(a)(1) requires that a debt collector state the amount of debt to the consumer.

55.     Defendant is in violation of 15 U.S.C. § 1692g(a)(1) by not stating the amount of the alleged debt to Plaintiff in its debt collection letter, dated January 21, 2019.

56.     As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

57.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

  A.  For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

  B.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

  C.  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

  D.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

  E.  A declaration that the Defendant's practices violated the FDCPA;

  F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Brooklyn, New York

        February 18, 2019

Respectfully submitted,

_____
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
68 Jay Street - Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Email: subhan@tariqlaw.com

To:   Monterey Financial Services, LLC
      4095 Avenida De La Plata
      Oceanside, CA 92056
      (*via Prescribed Service*)

      Clerk of the Court,
      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, NY 10007

      (*For Filing Purposes*)

11

# EXHIBIT A

P.O. Box 5199
Oceanside, CA 92052-5199

Presorted Standard
U.S. Postage
**PAID**
San Diego CA
Permit No. 3601

### IMPORTANT TAX INFORMATION ENCLOSED

LATORRA MOULTRIE
9 MEADOW VIEW DR
MIDDLETOWN NY 10940-3358

19-5719

ER423



Scanned by CamScanner



**Monterey Collections**
P.O. Box 5199
Oceanside, CA 92052-5199

TELEPHONE: (877) 775-3091
FAX: (760) 639-3541
TOLL FREE FROM MEXICO: 001-866-928-9343

Monterey Financial Services | Monterey Loan Servicing | Monterey Collection

### THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

Re: Monterey Receivables Funding ZALE/GORDON JEWELERS
Account# 11 - 502-682656
Dear Customer,

January 21, 2019

Monterey Financial Services, LLC has agreed to **discount** your seriously delinquent loan balance!

Monterey Financial Services, LLC is ready and willing to reduce the account balance up to **60%** if the balance is paid in full by **March 15, 2019**.

YES, you can use your tax refund (or other funds) to clear this debt and allow us to **delete** this account from your credit bureau the following month.

We'll even include a "SECOND CHANCE" SAVINGS offer. Monterey will reduce your account balance on the above referenced account up to **30%** if this account is paid in full by **April 30, 2019**.

This offer will end soon, so hurry and call our collection representatives at **(877) 775-3091**.

Sincerely,

Patricia Baker
Account Representative

For your convenience, you may also go to **https://www.montereyfinancial.com/mfonline/** to review your account information, make a payment, sign up for automatic payments, or to receive payoff quotes. Our privacy policy is also available for your review at
**http://www.montereyfinancial.com/montfin/privacy-policy/.**

New York City Department of Consumer Affairs License Number 0993253.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pavel Maltsev | |
| Plaintiff, | |
| -v.- | |
| Monterey Financial Services, LLC | |
| Defendant. | |

Civil Action No: _____

**COMPLAINT**

Plaintiff Pavel Maltsev ("Plaintiff" or "Maltsev") by and through his attorneys, RC Law Group,

PLLC, as and for his Complaint against Defendant Monterey Financial Services, LLC

("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the

following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising

from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, County of Rockland, residing at 36

New Valley Road, Monsey, NY 10952.

1

3.       Monterey Financial Services, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 4095 Avenida De La Plata, Oceanside, CA 92056.

## JURISDICTION AND VENUE

4.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6.       Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7.       On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

8.       The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Violation I*

9.       On or around April 13, 2016 Defendant sent an initial contact notice to the Plaintiff.

10.       This letter did not contain all of the "g-notice" requirements.

11.     Specifically, the letter does not clearly state the identitiy of the original creditor nor the identitiy of the current creditor.

12.     The letter mentions "Client: Club Caribe Villa Del Palmar GARZA BLANCA RES", but it does not clearly identify what this entity is or its relationship in regard to the ownership of the debt and claimed balance due.

13.     It is deceptive for a debt collector to not clearly state the identity of the creditor on any communication sent to a consumer.

14.     Mere allusions to the creditor's identity is insufficent as the letter must specifically and clearly state the creditor of the collection account.

15.     The Defendant has failed to provide the consumer with a proper initial communication letter in violation of the FDCPA.

16.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### *Violation II*

17.     Defendant's April 13, 2016 collection letter charges Plaintiff an unidentified amount of "fees" for $184.95.

18.     Plaintiff did not agree to such a collection charge and the $184.95 collection fee far exceeds any reasonable costs of collection for this account.

19.     The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA.

### *Violation III*

20.     Defendant's April 13, 2016 collection letter is confusing to the Plaintiff since it is unclear as to whether or not the account was continuing to accrue interest and fees.

21.     When addressing this exact issue the Second Circuit stated "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v Riexinger & Assocs.*, LLC 817 F.3d 72. 74 (2d Cir 2016).

22.     The April 13, 2016 letter fails to include this safe harbor language set out by the Second Circuit.

23.     A consumer could read the notice and be misled into believing that they could pay the debt in full at any time by paying the amount listed on the notice.

24.     However, since contractual or statutory interest is automatically accruing, as well as undisclosed fees, a consumer who pays the "Account balance," will be unaware as to whether or not the debt has been paid in full.

25.     The Defendant was required to include a disclosure that interest was accruing, or in the alternative, the creditor/and or original creditor has made the decision to waive the accruing interest.

26.     Furthermore, the Plaintiff is a resident of the State of New York and in order to collect a debt in the State of New York a collection agency must include the following disclosures: (1) the name of the original creditor; and (2) an itemized accounting of the charged-off debt, including the amount owed as of charge-off, total amount paid on the debt since the charge-off and the total post charge-off interest, charges and fees.

27.    Defendant's April 13, 2016 letter failed to contain this information in violation of the requirements of New York State Department of Financial Services 23 NYCRR 1.2.

28.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
#### (Violations of the FDCPA)

29.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692g.

31.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pavel Maltsev demands judgment from Defendant Monterey Financial

Services, LLC as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
       March 28, 2017

_____/s/ Daniel Kohn_____
**RC Law Group, PLLC**
By:  Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501